Filed 1/22/14

CERTIFIED FOR PUBLICATION

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of LINDA and NORMAN SHARPLES. | |
| LINDA SHARPLES,  Appellant,  v.  NORMAN SHARPLES,  Respondent. | E056941  (Super.Ct.No. SWD1100967)  O P I N I O N |

APPEAL from the Superior Court of Riverside County. James T. Warren, Judge. Reversed.

Law Office of Aaron M. Hudson and Aaron M. Hudson for Appellant.

Singleton Smith Law Offices, Inc., Diane Singleton Smith; Lubrani & Brown, Michael D. Lubrani and Lawya Rangel for Respondent.

# I.  INTRODUCTION

In this marriage dissolution proceeding, appellant Linda Sharples (Wife) sought an order requiring respondent Norman Sharples (Husband) to pay for her attorney fees and costs pendente lite.  The court denied the request because Wife did not file Judicial Council form FL-319 (hereafter form FL-319), which the court explained was mandatory.  Because that form is not mandatory when, as here, comparable declarations are submitted, we will reverse the court's order.

# II.  FACTUAL AND PROCEDURAL SUMMARY

Wife filed an order to show cause (OSC) seeking modification of spousal support and an order to pay $20,000 for attorney fees and $10,000 for expert accounting fees.  The OSC was supported by a memorandum of points and authorities, Wife's declaration, a declaration by Wife's counsel, and an income and expense declaration.  According to Wife, Husband was the chief executive officer of Copan Diagnostics, Inc. (Copan), and had income in 2010 of $855,850.  Wife was employed at Copan and made $700 per month.  However, she believed Husband was trying to force her out of the company and she would soon have no income.  She had $42,000 in assets and average monthly expenses of approximately $9,700.  In his declaration, Wife's counsel set forth his qualifications as a certified family law specialist, his billing rates, and the need to retain the services of an accountant.

Husband opposed the OSC.  He stated he had been giving Wife $3,000 per month and she would receive a portion of his bonus income.  He also stated he had provided

2

Wife's attorney with $10,000 for her attorney fees. Wife's request that he pay more, he asserted, was unreasonable; and there was no need for an accounting expert in this case. He argued that each side should pay for their own attorneys and experts. Husband did not assert there was any procedural defect in Wife's OSC.

Prior to the hearing on the OSC, Wife's attorney filed an amended declaration and an updated income and expense declaration. Counsel stated that this case had become more complicated because Husband failed to respond to discovery and his business was objecting to a subpoena, necessitating a motion to compel. The amounts sought for attorney fees and expert fees was increased to $30,000 and $20,000, respectively. The new income and expense declaration indicated that Wife had no income and that Husband's income was estimated to be $55,429 per month. Wife's assets had been reduced to $25,000 and her monthly expenses had increased to $9,950.

At the hearing on the OSC, the court stated it had read the documents that had been filed regarding the matter. The following colloquy then took place:

"THE COURT: Interestingly enough, in all the documents I reviewed, I did not see anywhere a family law form 319, which is mandatory for you to be able to recover attorney's fees, so your request for attorney's fees is denied.

"[WIFE'S COUNSEL]: Your Honor, I believe the form is an optional form.

"THE COURT: No, it's not. It's mandatory as of January 1st, 2012. Family law form 319 is mandatory, sir."

3

In written findings, the court stated that Wife "did not file form FL-319." The court made no other findings. The court's minute order regarding the hearing stated: "Motion for attorney fees (form 319 not filed) is denied." No other reasons were given.

## III. DISCUSSION

Wife's request for attorney fees was based on Family Code sections 2030 and 2032.[1] Section 2030 provides for the making of an order in a dissolution proceeding that one party pay for the other party's attorney fees and costs pendente lite. (§ 2030, subd. (a)(1).) The statute reflects the public policy of providing, "'"at the outset of litigation, consistent with the financial circumstances of the parties, a parity between spouses in their ability to obtain effective legal representation."' [Citation.]" (*In re Marriage of Keech* (1999) 75 Cal.App.4th 860, 866.) The purpose "is *not* the redistribution of money from the greater income party to the lesser income party," but rather "*parity*: a fair hearing with two sides equally represented." (*Alan S. v. Superior Court* (2009) 172 Cal.App.4th 238, 251.)

In ruling on a request for fees and costs under section 2030, the court is guided by section 2032, which provides that an award of fees and costs under section 2030 may be made "where the making of the award, and the amount of the award, are just and reasonable under the relative circumstances of the respective parties." (§ 2032, subd. (a); see *In re Marriage of Cryer* (2011) 198 Cal.App.4th 1039, 1055.) In determining what is

---

[1] All further statutory references are to the Family Code unless otherwise indicated.

4

just and reasonable, "the court shall take into consideration the need for the award to enable each party, to the extent practical, to have sufficient financial resources to present the party's case adequately . . . ." (§ 2032, subd. (b).) In addition to the parties' financial resources, the court may consider the parties' trial tactics. (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 975; *In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1313-1314.)

"[T]he family court has considerable latitude in fashioning or denying an attorney fees award . . . ." (*In re Marriage of Tharp, supra,* 188 Cal.App.4th at p. 1313.) However, the court's "decision must reflect an exercise of discretion and a consideration of the appropriate factors as set forth in code sections 2030 and 2032." (*Ibid.*; *In re Marriage of Falcone & Fyke, supra,* 203 Cal.App.4th at p. 975 [the record must reflect that the trial court exercised its discretion and considered the pertinent statutory factors].) The trial court's failure to exercise discretion is itself an abuse of discretion. (*In re Marriage of Gray* (2007) 155 Cal.App.4th 504, 515; *Richards, Watson & Gershon v. King* (1995) 39 Cal.App.4th 1176, 1180.)

Wife argues the trial court erred by failing to exercise its discretion with respect to the OSC and denying her request solely because of the erroneous conclusion that form FL-319 was mandatory. We agree.

In 2010, the Legislature added subdivision (e) to section 2030, which directs the Judicial Council to adopt, by January 1, 2012, "a statewide rule of court to implement this section and develop a form for the information that shall be submitted to the court to

5

obtain an award of attorney's fees under this section." (§ 2030, subd. (e), added by Stats. 2010, ch. 352, § 4, pp. 1819-1820.)  In accordance with this direction, the Judicial Council adopted former rule 5.93, which expressly "applies to attorney's fees and costs based on financial need, as described in Family Code sections 2030 . . . ."  (Cal. Rules of Court, former rule 5.93(a) (hereafter rule 5.93).)[2]  This rule was in effect at the time Wife filed her OSC and when the matter was heard.  The rule provided, in relevant part, as follows:

"(b)  **Request**  [¶]  (1)  . . . [T]o request attorney's fees and costs, a party must complete, file and serve the following documents:

"(A)  *Application for Order* (form FL-310) attached to an *Order to Show Cause* (form FL-300) or a *Notice of Motion* (form FL-301);

"(B)  *Request for Attorney's Fees and Costs Attachment (form FL-319) or a comparable declaration that addresses the factors covered in form FL-319*;

"(C)  A current *Income and Expense Declaration* (form FL-150);

"(D)  A personal declaration in support of the request for attorney's fees and costs, either using *Supporting Declaration for Attorney's Fees and Costs Attachment* (form FL-158) or a comparable declaration that addresses the factors covered in form FL-158; and

"(E)  Any other papers relevant to the relief requested."  (Rule 5.93(b), some italics in orig., some italics added.)

---

[2]  All references to rules are to the 2012 edition of the California Rules of Court. Former rule 5.93 was renumbered rule 5.427 in 2013.

6

The Judicial Council form referenced in rule 5.93(b)(1)(B)—form FL-319—calls for the following information:  (1) The reason for the request for attorney fees and costs; (2) the amount of fees and costs requested; (3) the specific fees and costs for which the order is sought; (4) whether fees and costs have been previously ordered; (5) a personal declaration as to financial need; (6) the attorney's billing rates and the nature of the litigation; and (7) notice to the responding party.[3]

Under the plain language of rule 5.93, a party seeking attorney fees and costs under section 2030 must file and serve *either* form FL-319 *or* a comparable declaration. (Rule 5.93(b)(1)(B).)  Although filing form FL-319 *or* a comparable declaration is mandatory, neither is mandatory if the other is filed.  Stated differently, the moving party has the option of filing form FL-319 or a comparable declaration.

The optional nature of the form is clear in the light of other rules of court.  Rules 1.30, 1.31, and 1.35 distinguish "mandatory forms" from "optional forms."  Mandatory judicial forms "*must* be used by all parties . . ."; optional forms "*may* be used by parties . . . ."  (Rules 1.31(a), 1.35(a), italics added.)  Mandatory forms are required to include the words, "'Form Adopted for Mandatory Use,' 'Mandatory Form,' or 'Form Adopted for Alternative Mandatory Use'" (rule 1.31(c)); optional forms must bear the words, "'Form Approved for Optional Use' or 'Optional Form'" (rule 1.35(c)).  A list of Judicial Council forms is included in an appendix to the California Rules of Court.  The forms

---

[3] We take judicial notice of form FL-319, adopted January 1, 2012.  (Evid. Code, §§ 452, subd. (c), 459, subd. (a).)

designated in the appendix with an asterisk (*) are "mandatory" forms; those without the asterisk are "optional."  (Rules 1.31(b), 1.35(b).)

Form FL-319 bears the words, "Form Approved for Optional Use" and is listed in the appendix to the rules without an asterisk.  (Cal. Rules of Court, appen. A.)

The court rules and form FL-319 are unambiguous:  The form is optional in the sense that it need not be filed if the moving party files a "comparable declaration."  Here, there is no dispute that the declarations provided by Wife and her counsel provided the substance of what is called for in form FL-319; i.e., they are comparable to form FL-319. Therefore, the court erred in concluding that form FL-319 was mandatory.

Husband relies on the Legislature's direction to the Judicial Council in subdivision (e) of section 2030 that the Judicial Council "**shall** . . . develop a form for the information that **shall be submitted** to the court to obtain an award of attorney's fees . . . ." According to Husband, the use of the word "shall" indicates the creation and use of a mandatory form.  We disagree.  The statute does not direct the Judicial Council to develop *a form* that shall be submitted to the court, but rather a form *for the information* that shall be submitted to the court; it is *the information* that shall be submitted to the court, not necessarily the form created by the Judicial Council.  The statute does not preclude the Judicial Council from adopting a rule that gives parties the option of either filing the form or providing the information through comparable declarations.

Husband also refers to the Superior Court of Riverside County, Local Rules, rule 5150, which provides, in part:  "2.  The following shall be filed with the court and served

8

on the other party at least ten (10) days prior to the Mandatory Settlement Conference date: [¶] . . . [¶] m) If Attorney Fees and Costs is an issue, a completed Request for Attorney's Fees and Costs Attachment (FL-319) and a Supporting Declaration for Attorney's Fees and Costs Attachment (FL-158). . . ."

There are two problems with Husband's reliance on the local rule. First, the rule governs the documents that must be filed and served in advance of a mandatory settlement conference. The challenged ruling in this case did not arise from a mandatory settlement conference. Therefore, the local rule does not affect our analysis. Second, to the extent the local rule could be construed as requiring a party to file form FL-319 to support a request for attorney fees and costs under section 2030, it is in conflict with the rules of court and therefore invalid. (See *Elkins v. Superior Court* (2007) 41 Cal.4th 1337, 1351-1352; *Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967-968; *In re Marriage of Woolsey* (2013) 220 Cal.App.4th 881, 895-896, petn. for review pending, petn. filed Dec. 2, 2013, S214936.)

It is also clear from our record that the denial of the OSC was based on the court's mistaken understanding that form FL-319 was mandatory and that the court did not consider the OSC on its merits. Under section 2030, "[w]hen a request for attorney's fees and costs is made, the court shall make findings on whether an award of attorney's fees and costs under this section is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties. . . ." (§ 2030, subd. (b).) Here, the court did not address any of the statutory

9

factors for evaluating the OSC and made none of the findings required by section 2030. The only finding the court made was that Wife failed to file form FL-319, and the only explanation of its ruling is that it did "not see anywhere a family law form 319, which is mandatory for you to be able to recover attorney's fees."

Because the court based its denial of the OSC on an incorrect determination that form FL-319 was mandatory and did not exercise its discretion in considering the merits of the OSC, the order is reversed.

## IV.  DISPOSITION

The order issued on May 29, 2012, denying Wife's OSC regarding attorney fees and costs is reversed.  The court shall conduct further proceedings consistent with the views expressed in this opinion.

Wife is awarded her costs on appeal.

CERTIFIED FOR PUBLICATION

KING
J.


We concur:

RAMIREZ
P. J.

MILLER
J.

10