Filed 10/20/15  Marriage of Gilbert and Magana CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re the Marriage of JOHN GILBERT and MARIA TERESA MAGANA. | |
| JOHN GILBERT,<br><br>        Appellant,<br><br>v.<br><br>MARIA TERESA MAGANA,<br><br>        Respondent. | A143313<br><br>(San Mateo County<br>Super. Ct. No. FAM0109022) |

At the end of extended proceedings regarding child support payments, respondent Maria Teresa Magana requested separate awards of attorney fees from her former husband, appellant John Gilbert, under Family Code sections 271 and 2030.[1]  In connection with the request under section 2030, Magana submitted evidence that during the latter stages of the proceeding, she was unemployed, while Gilbert was paid a significant salary.  The family court granted the request for fees under section 2030, but it denied the request for section 271 sanctions.  Finding the award supported by substantial evidence, we affirm.

## I.  BACKGROUND

The parties separated after 20 years of marriage in 2010, and their divorce became final in December 2011.  In April 2014, Magana filed a motion seeking an award of

---

[1] All statutory references are to the Family Code.

attorney fees under section 2030 in connection with proceedings concerning the modification of Gilbert's child support obligations. At the time, Magana was recovering from two major surgeries and had been laid off from her job as a kindergarten teacher. Gilbert's income in the prior year had been over $160,000. Based on this disparity, the motion sought $1,500 in connection with proceedings that had occurred to that point. At a hearing prior to the filing of the motion, in February 2014, the family court had suggested informally that Gilbert pay section 2030 attorney fees of $1,650 to Magana to avoid the need for a motion, but Gilbert had insisted Magana make a formal request.

When the parties appeared for a hearing on the attorney fees motion and other matters in July 2014, Magana's attorney, Michael Lowy, made an oral request for attorney fees under section 271, which permits the award of fees as a sanction against an uncooperative party. (*Id.*, subd. (a).) As Lowy explained, "we've spent a lot of money unnecessarily because of the failure to . . . meet and confer [in] good faith." The court declined to rule on the fee request and directed Lowy to submit a declaration regarding the allegedly uncooperative conduct and his billing rate and time expended.

Lowy's declaration, filed in July 2014, updated Magana's income information, relevant to the request for fees under section 2030, and detailed the history of the proceedings. By that time, Magana had obtained a new teaching job, anticipating an annual salary of $109,000. Gilbert's annual salary was $143,500, but he was also eligible for a discretionary bonus, which had been $22,000 in the prior calendar year. The declaration acknowledged that Magana was a one-seventh owner of family agricultural property in El Salvador, but it said she received no income from the property. According to Lowy, Magana had been forced to incur $20,000 in attorney fees in connection with the current child support proceedings. He believed Gilbert's inattentive and uncooperative conduct while representing himself in the litigation had increased Magana's expenses. The declaration concluded by requesting $6,118.75 in attorney fees actually incurred and an additional $2,500 in sanctions. Extensive documentation accompanied the declaration.

In response, Gilbert did not dispute the disparity in the parties' salaries, although he pointed out his bonus was variable, depending upon business success. Gilbert contended that Magana's property in El Salvador, contrary to her claim, provided her an annual income of $27,000, but the document cited by Gilbert to support his contention makes no mention of income from the property. He contended that Magana had prolonged the original divorce proceedings unnecessarily, leaving him unable to afford representation once the divorce had been finalized, and had been uncooperative during the child support dispute by delaying disclosures about her income and providing incomplete disclosures. Contrary to Lowy's account, Gilbert contended he had been "extremely cooperative and responsive regarding all matters related to this case, and I have been working very hard to bring all outstanding issues to closure."

Without a further hearing, the family court entered a written order granting Magana the $6,118.75 in fees she had requested under section 2030, but denying the $2,500 in additional sanctions requested. The court's order, however, stated that the $6,118.75 in fees had been awarded under section 271. Other than noting the requested fees were "reasonable," the order made no factual findings. The family court later modified its order to indicate the award of fees was made under section 2030, rather than section 271. Although there is no copy of the amended order in the appellate record, Magana states the amended order changed the reference to section 271 to section 2030, without otherwise altering the text of the order. Gilbert does not contend otherwise. We therefore proceed on the assumption the family court intended its award to be rendered pursuant to section 2030.

## II. DISCUSSION

"Section 2030 provides for the making of an order in a dissolution proceeding that one party pay for the other party's attorney fees and costs pendente lite. [Citation.] The statute reflects the public policy of providing, ' " 'at the outset of litigation, consistent with the financial circumstances of the parties, a parity between spouses in their ability to obtain effective legal representation.' " [Citation.]' [Citation.] The purpose 'is *not* the redistribution of money from the greater income party to the lesser income party,' but

3

rather '*parity*: a fair hearing with two sides equally represented.' " (*In re Marriage of Sharples* (2014) 223 Cal.App.4th 160, 164 (*Sharples*).) "The idea is that both sides should have the opportunity to retain counsel, not just (as is usually the case) only the party with greater financial strength." (*Alan S. v. Superior Court* (2009) 172 Cal.App.4th 238, 251.)

"In ruling on a request for fees and costs under section 2030, the court is guided by section 2032, which provides that an award of fees and costs under section 2030 may be made 'where the making of the award, and the amount of the award, are just and reasonable under the relative circumstances of the respective parties.' [Citations.] In determining what is just and reasonable, 'the court shall take into consideration the need for the award to enable each party, to the extent practical, to have sufficient financial resources to present the party's case adequately . . . .' [Citation.] In addition to the parties' financial resources, the court may consider the parties' trial tactics." (*Sharples*, *supra*, 223 Cal.App.4th at pp. 164–165.) "In assessing one party's relative 'need' and the other party's ability to pay, the court may consider all evidence concerning the parties' current incomes, assets, and abilities, including investment and income-producing properties." (*In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1167.) " '[T]he family court has considerable latitude in fashioning or denying an attorney fees award . . . .' [Citation.] However, the court's 'decision must reflect an exercise of discretion and a consideration of the appropriate factors as set forth in code sections 2030 and 2032.' " (*Sharples*, at p. 165.)

Consistent with the requirement that the court's decision must reflect a proper exercise of discretion, section 2030 contains an express findings requirement: "When a request for attorney's fees and costs is made, the court shall make findings on whether an award of attorney's fees and costs under this section is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties. If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs." (*Id.*, subd. (a)(2).)

4

Gilbert first contends the trial court's attorney fees award must be reversed because the court did not make the findings required by section 2030, subdivision (a)(2). The failure to make findings required by a provision of the Family Code, however, does not, standing alone, require the reversal of an order rendered pursuant to the statute. The family court in *In re Marriage of Carlsen* (1996) 50 Cal.App.4th 212 (*Carlsen*) at page 216, for example, allowed various "hardship deductions" from the calculation of a husband's net disposable income without making the findings required under section 4072. The Court of Appeal considered, but rejected, the contention that the failure to make the findings was " 'reversible per se,' " explaining, "we are enjoined by our Constitution from imposing a reversible-per-se rule here. (Cal. Const., art. VI, § 13.) Unlike statements of decision, the Legislature has not precluded us here from implying findings. [Citation.] Nor do we have the constitutional due process concerns presented by the imposition of sanctions [citation], or the need to protect against 'corrupt' judicial interference with the criminal process [citation]. Thus, we determine here if the trial court's failure to include express findings was nonprejudicial." (*Carlsen*, at p. 218.)

As *Carlsen* notes, the state Constitution precludes the reversal of a trial court order on the basis of "any error as to any matter of procedure" unless the court concludes the error "resulted in a miscarriage of justice." (Cal. Const., art. VI, § 13.) For purposes of analysis under the Constitution, the findings required by section 2030 are no different from those required by section 4072, considered in *Carlsen*. While we do not mean to excuse the family court's failure to make the required findings, that failure is not a basis for reversing an otherwise valid order under section 2030. An award of attorney fees under section 2030 cannot be reversed for the failure to make required findings unless that failure was prejudicial. (See similarly *In re Marriage of Hubner* (2001) 94 Cal.App.4th 175, 183 [failure to make required findings is "reversible error if the missing information is not otherwise discernible from the record"].)

Gilbert argues that the family court should be presumed to have applied an incorrect standard of law, since at the July hearing the court instructed Lowy to file a declaration describing Gilbert's purportedly abusive tactics. Litigation tactics are central

5

to an award of fees under section 271, but they are only secondarily relevant to an award under section 2030.[2]  A review of the transcript, however, demonstrates the court instructed Lowy to file the declaration because, at the hearing, he requested for the first time an award of fees under section 271, in addition to the pending request under section 2030.  The family court's instruction was therefore wholly appropriate, and there is no reason to infer the court had confused the legal standards under the two statutes.  On the contrary, by awarding Magana precisely the amount of fees requested under section 2030, but denying the additional sanction under section 271, the family court demonstrated its awareness of the difference between the two statutes.

Gilbert argues, alternatively, that the family court's award was an abuse of discretion because the award was not supported by the evidence before the court.

We find ample evidence to support the award.  The primary factor justifying an award under section 2030 is a material disparity in income between the parties.  Magana's annual income at the time of the award was $35,000 to $55,000 less than Gilbert's.  Because the lion's share of their income would have been needed for necessities such as housing, food, and taxes, the proportional disparity in disposable income was even greater.  More importantly, at the time most of the attorney fees were incurred, the disparity in income was much greater, since Magana was unemployed and supporting herself on disability payments.  Further, Gilbert's income, at between $140,000 and $160,000, was sufficient to support a conclusion he could afford the $6,000 payment requested by Magana.  As a result, the trial court could readily have concluded that an award under section 2030 was appropriate to level the playing field between the parties, even without addressing the contentious tactics that, Lowy claimed, had made the proceedings more expensive for Magana.

---

[2] Gilbert incorrectly argues that litigation conduct is entirely irrelevant to an award under section 2030.  On the contrary, such conduct can be considered by the court.  (See *Sharples*, *supra*, 223 Cal.App.4th at p. 165 ["In addition to the parties' financial resources, the court may consider the parties' trial tactics."].)

Finally, Gilbert argues that "it is wholly unreasonable" to conclude he could afford to pay Magana's attorney fees because he appeared pro se, suggesting "he apparently could not even afford to bear his own attorney's fees." The inference does not follow. If Gilbert considered himself competent to act as his own attorney, he might have viewed the retention of counsel an unnecessary expense, rather than an unaffordable one. In the absence of further evidence, the family court had no basis for drawing any inference from Gilbert's decision to appear pro se.

More importantly, the family court was not required to guess at Gilbert's ability to afford counsel, since both parties had submitted income and expense reports. If Gilbert believed he had extraordinary expenses that made it relatively more difficult for him to afford attorney fees, despite the disparity in the parties' incomes, it was his burden to identify that expense. Although he stated in conclusory fashion the divorce proceedings had left him unable to afford counsel, he failed to point to anything in his current economic situation to support such a finding. Accordingly, there was no evidentiary basis for finding Gilbert unable to afford attorney fees, notwithstanding his decision to represent himself.

### III.  DISPOSITION

The family court's attorney fee award is affirmed. Magana may recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

_____

Margulies, J.

We concur:

_____

Humes, P. J.

_____

Dondero, J.

A143313