Filed 3/8/22  Marriage of Callas CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| In re the Marriage of AMANDA and MICHAEL CALLAS. | C093353 |
| AMANDA MOMAN, | (Super. Ct. No. S-DR-0056478) |
| Respondent, | |
| v. | |
| MICHAEL CALLAS, | |
| Appellant; | |
| PLACER COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Respondent. | |

Michael Callas appeals from an order directing his former wife, Amanda Moman, to pay him $4,844 per month in child support.[1]  Michael asserts:  (1) the trial court prejudicially abused its discretion by awarding child support in an amount lower than the

---

[1]     We shall refer to the parties by their first names throughout this opinion.

1

amount established by the formula set forth in the child support guideline because substantial evidence does not support a departure from the guideline amount and required findings were not made; and (2) the trial court also prejudicially abused its discretion by declining to award additional attorney's fees to Michael without making required findings.

We affirm. As we shall explain, the trial court's deviation from the guideline amount was supported by a finding that the guideline's higher amount would be unjust because of the parents' time-sharing arrangement with their two children. This finding is supported by substantial evidence. Nor has Michael persuaded this court that reversal is required because of a lack of express findings regarding his request for additional attorney's fees.

BACKGROUND

Amanda and Michael have three children together. This appeal involves only two of them, since their oldest child turned 18 years old and graduated from high school in 2020. With respect to the two minor children, Michael has exclusive custody of the youngest child, M., with no visitation from Amanda, while Amanda has exclusive custody of the middle child, K.

In June 2020, Michael filed a request for order to increase Amanda's child support obligation from $3,773 per month plus a percentage of her bonus to $5,665 per month plus a percentage of her bonus. The requested increase was based on the oldest child, noted above, who lived exclusively with Amanda, no longer being eligible for support, as well as an alleged increase in Amanda's income and decrease in Michael's income. Michael also sought attorney fees.

A hearing on the request for an order was held in August 2020. Amanda, Michael, their respective attorneys, and an attorney for the Placer County Department of Child Support Services (the Department) appeared at the hearing. The trial court found Amanda had a monthly income of $49,000 (comprised of $45,800 in royalties from her

Native American tribe and $3,200 in wages) and Michael's monthly income was $2,278. There is no dispute over these amounts. Nor is there any dispute that "[K.] stays 100% of her time with [Amanda] while [M.] stays 100% of her time with [Michael]."

The Department supplied the trial court with a calculation of child support based on Family Code[2] section 4055, setting forth the "statewide uniform guideline for determining child support orders." (§ 4055, subd. (a).) This guideline formula is: "CS = K[HN - (H%)(TN)]." (*Ibid.*) In plain language, the "child support amount" (CS) equals the "amount of both parents' income to be allocated for child support" (K) multiplied by the difference between the "high earner's net monthly disposable income" (HN) and the product of multiplying the "approximate percentage of time that the high earner has or will have primary physical responsibility for the children compared to the other parent" (H%) and the "total net monthly disposable income of both parties" (TN). (§ 4055, subd. (b)(1).) The K amount is calculated using a separate formula set forth in subdivision (b)(3). Because there is no dispute over the calculation, we simply note the K value is 0.215605. We also note the HN and TN values are the same, $33,703, because this amount is Amanda's net monthly disposable income and Michael's net monthly disposable income is $0. Finally, the H% value is 0.5 because subdivision (b)(1)(D) provides: "In cases in which parents have different time-sharing arrangements for different children, H% equals the average of the approximate percentages of time the high earner parent spends with each child." (§ 4055, subd. (b)(1)(D).) Thus, because Amanda has one child 100 percent of the time and the other child 0 percent of the time, the average is 50 percent.

Filling these values into the formula results in the following calculation: CS = 0.215605 [$33,703 - (0.5)($33,703)] which equals $3,633. This amount is the

---

[2] Undesignated statutory references are to the Family Code.

amount of child support to be ordered if there is one child. For two children, subdivision (b)(4) provides for CS to be multiplied by 1.6. (§ 4055, subd. (b)(4).) Thus, in this case, the guideline amount of child support to be ordered is $5,813.

As the Department explains in its briefing in this appeal, had Amanda and Michael actually shared time with their children equally, the $3,633 amount would have been allocated to one of the children and the remaining $2,180 would have been allocated to the other child. However, because the reality of the situation is that Amanda and Michael each have one child 100 percent of the time and the other child 0 percent of the time, the Department allocated $4,844 to the child living exclusively with Michael and the remaining $969 to the child living exclusively with Amanda.[3]

At the hearing, Amanda asked the trial court to deviate from the guideline amount because that amount would require her to pay Michael $969 in child support for the child living with her 100 percent of the time. The trial court ordered briefing on "the allocation issue," deferred ruling on the matter, and imposed other orders, including an award of attorney fees in the amount of $1,250 to Michael's attorney.

Further hearing was held in November 2020. Thereafter, the trial court ruled as follows: "After careful consideration the court finds that pursuant to Family Code section 4057[, subdivision ](b)(5) application of the formula would be inappropriate given the special circumstances of the case. Pursuant to Family Code section 4056[, subdivision ](a)(1), (2) and (3) the court finds that the amount of support that would have been ordered is $5,813.00 mother to pay father. This amount is inappropriate as the calculator determined an allocation for [K.] who is not supported by father. It is in [the]

---

[3]    The $4,844 amount is the amount the formula would have generated had support been calculated only for the child living exclusively with Michael. In that case, the K value would have been 0.143736, and the remainder of the calculation would have been as follows: CS = 0.143736 [$33,703 - (0)($33,703)] which equals $4,844.

best interest of [K.] that the amount allocated be used for the support of that child. The court therefore finds that it is appropriate to deviate from the guideline. The amount of $4,844.00, mother to pay father for the support of [M.] is appropriate. [¶] Counsel for respondent requested that additional attorney fees be awarded. The court declines to award additional fees."

This appeal followed.[4]

## DISCUSSION

## I

### *The Trial Court Properly Deviated from the Guideline Amount*

Michael asserts the trial court prejudicially abused its discretion by awarding him child support in an amount lower than the amount established by the guideline formula because substantial evidence does not support a departure from the guideline amount and required findings were not made. He is mistaken.

"[C]hild support awards are reviewed for abuse of discretion. [Citations.] We observe, however, that the trial court has 'a duty to exercise an informed and considered discretion with respect to the [parent's child] support obligation . . . .' [Citation.] Furthermore, 'in reviewing child support orders we must also recognize that determination of a child support obligation is a highly regulated area of the law, and the only discretion a trial court possesses is the discretion provided by statute or rule. [Citations.]' [Citation.] In short, the trial court's discretion is not so broad that it 'may ignore or contravene the purposes of the law regarding . . . child support. [Citations.]' [Citation.]" (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 282-283.)

Section 4057, subdivision (a) provides: "The amount of child support established by the formula provided in subdivision (a) of Section 4055 is presumed to be the correct

---

[4]    This appeal was fully briefed on November 23, 2021, and assigned to this panel on December 1, 2021.

amount of child support to be ordered." Subdivision (b) of this section provides that this "presumption . . . is a rebuttable presumption affecting the burden of proof and may be rebutted by admissible evidence showing that application of the formula would be unjust or inappropriate in the particular case, consistent with the principles set forth in Section 4053[5], because one or more of the following factors is found to be applicable by a preponderance of the evidence, and the court states in writing or on the record the information required in subdivision (a) of Section 4056[6]." (§ 4057, subd. (b).)

---

**5** Section 4053 provides: "In implementing the statewide uniform guideline, the courts shall adhere to the following principles: [¶] (a) A parent's first and principal obligation is to support the parent's minor children according to the parent's circumstances and station in life. [¶] (b) Both parents are mutually responsible for the support of their children. [¶] (c) The guideline takes into account each parent's actual income and level of responsibility for the children. [¶] (d) Each parent should pay for the support of the children according to the parent's ability. [¶] (e) The guideline seeks to place the interests of children as the state's top priority. [¶] (f) Children should share in the standard of living of both parents. Child support may therefore appropriately improve the standard of living of the custodial household to improve the lives of the children. [¶] (g) Child support orders in cases in which both parents have high levels of responsibility for the children should reflect the increased costs of raising the children in two homes and should minimize significant disparities in the children's living standards in the two homes. [¶] (h) The financial needs of the children should be met through private financial resources as much as possible. [¶] (i) It is presumed that a parent having primary physical responsibility for the children contributes a significant portion of available resources for the support of the children. [¶] (j) The guideline seeks to encourage fair and efficient settlements of conflicts between parents and seeks to minimize the need for litigation. [¶] (k) The guideline is intended to be presumptively correct in all cases, and only under special circumstances should child support orders fall below the child support mandated by the guideline formula. [¶] (*l*) Child support orders shall ensure that children actually receive fair, timely, and sufficient support reflecting the state's high standard of living and high costs of raising children compared to other states."

**6** Section 4056 provides: "(a) To comply with federal law, the court shall state, in writing or on the record, the following information whenever the court is ordering an amount for support that differs from the statewide uniform guideline formula amount

The fifth enumerated factor states in relevant part: "Application of the formula would be unjust or inappropriate due to special circumstances in the particular case. These special circumstances include, but are not limited to, the following: [¶] (A) Cases in which the parents have different time-sharing arrangements for different children." (§ 4057, subd. (b)(5).)

"The 'special circumstances' exception of section 4057, subdivision (b)(5) gives the trial court 'considerable discretion to approach unique cases on an ad hoc basis.' [Citations.] The trial court has 'broad discretion' to determine when special circumstances apply. [Citation.]" (*In re Marriage of Cryer* (2011) 198 Cal.App.4th 1039, 1049.) As our colleagues at the First Appellate District observed: "The facts and circumstances of the parties in each family law case are different, which is why these cases are equitable proceedings in which the court must have the ability to exercise discretion to achieve fairness and equity. It is for this reason that the author of the child support statute, later in the same legislative session in which it was adopted, ushered in another bill making clear 'that it was not the intention of the Legislature to eliminate family law judges' traditional discretionary authority to adjust child support orders in individual cases where fairness requires it.' [Citation.] This makes clear that the court, in child support cases, is not just supposed to punch numbers into a computer and award

---

under this article: [¶] (1) The amount of support that would have been ordered under the guideline formula. [¶] (2) The reasons the amount of support ordered differs from the guideline formula amount. [¶] (3) The reasons the amount of support ordered is consistent with the best interests of the children. [¶] (b) At the request of any party, the court shall state in writing or on the record the following information used in determining the guideline amount under this article: [¶] (1) The net monthly disposable income of each parent. [¶] (2) The actual federal income tax filing status of each parent (for example, single, married, married filing separately, or head of household and number of exemptions). [¶] (3) Deductions from gross income for each parent. [¶] (4) The approximate percentage of time pursuant to paragraph (1) of subdivision (b) of Section 4055 that each parent has primary physical responsibility for the children compared to the other parent."

7

the parties the computer's result without considering circumstances in a particular case which would make that order unjust or inequitable. [Citation.] Otherwise, there would be no need for a judge; all you would need would be a computer." (*In re Marriage of Fini* (1994) 26 Cal.App.4th 1033, 1043.)

The trial court did not abuse its discretion in concluding special circumstances exist in this case. Indeed, as the Department argues in its briefing on appeal, "[t]he trial court prevented the inequitable result of Amanda having to pay support for the child who lives exclusively with her by correctly using its statutory discretion to deviate from the guideline amount." The trial court so stated in its ruling: "[P]ursuant to Family Code section 4057[, subdivision ](b)(5) application of the formula would be inappropriate given the special circumstances of the case. Pursuant to Family Code section 4056[, subdivision ](a)(1), (2) and (3) the court finds that the amount of support that would have been ordered is $5,813.00 mother to pay father. This amount is inappropriate as the calculator determined an allocation for [K.] who is not supported by father. It is in [the] best interest of [K.] that the amount allocated be used for the support of that child. The court therefore finds that it is appropriate to deviate from the guideline. The amount of $4,844.00, mother to pay father for the support of [M.] is appropriate." We agree with the Department that this statement satisfied the trial court's obligation to state in writing or on the record the reason for the departure from the guideline amount. We also conclude these findings are supported by substantial evidence.

## II

### *Attorney's Fees*

Michael also claims the trial court prejudicially abused its discretion by declining to award him additional attorney's fees without making required findings. We conclude reversal is not required in this case.

Section 2030 applies to requests for attorney's fees in family law matters. Subdivision (a) of this section provides: "(a)(1) In a proceeding for dissolution of

8

marriage, nullity of marriage, or legal separation of the parties, and in any proceeding subsequent to entry of a related judgment, the court shall ensure that each party has access to legal representation, including access early in the proceedings, to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, except a governmental entity, to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding.  [¶] (2) When a request for attorney's fees and costs is made, the court shall make findings on whether an award of attorney's fees and costs under this section is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties.  If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs.  A party who lacks the financial ability to hire an attorney may request, as an in pro per litigant, that the court order the other party, if that other party has the financial ability, to pay a reasonable amount to allow the unrepresented party to retain an attorney in a timely manner before proceedings in the matter go forward."  (§ 2030, subd. (a).)

Subdivision (c) requires the trial court to "augment or modify the original award for attorney's fees and costs as may be reasonably necessary for the prosecution or defense of the proceeding, or any proceeding related thereto . . . ."  (§ 2030, subd. (c).)

"In ruling on a request for fees and costs under section 2030, the court is guided by section 2032 . . . ."  (*In re Marriage of Sharples* (2014) 223 Cal.App.4th 160, 164.) This section provides in relevant part:  "(a) The court may make an award of attorney's fees and costs under Section 2030 . . . where the making of the award, and the amount of the award, are just and reasonable under the relative circumstances of the respective parties.  [¶]  (b) In determining what is just and reasonable under the relative circumstances, the court shall take into consideration the need for the award to enable each party, to the extent practical, to have sufficient financial resources to present the

9

party's case adequately, taking into consideration, to the extent relevant, the circumstances of the respective parties described in Section 4320. The fact that the party requesting an award of attorney's fees and costs has resources from which the party could pay the party's own attorney's fees and costs is not itself a bar to an order that the other party pay part or all of the fees and costs requested. Financial resources are only one factor for the court to consider in determining how to apportion the overall cost of the litigation equitably between the parties under their relative circumstances." (§ 2032, subds. (a), (b).)

" '[T]he family court has considerable latitude in fashioning or denying an attorney fees award . . . .' [Citation.] However, the court's 'decision must reflect an exercise of discretion and a consideration of the appropriate factors as set forth in code sections 2030 and 2032.' [Citations.]" (*In re Marriage of Sharples*, *supra*, 223 Cal.App.4th at p. 165.) Express findings must also be made. (*In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1050.)

Here, as mentioned previously, the trial court awarded Michael $1,250 in attorney's fees after the initial hearing on the request for order. Thus, the trial court necessarily found, albeit impliedly, that there was a disparity in access to funds to retain counsel, and Amanda was able to pay for legal representation of both parties. Amanda does not challenge these findings. Nor did Michael challenge this amount as either unjust or unreasonable at the time it was awarded, and he makes no such claim in this appeal. However, after the initial hearing, the parties submitted briefing on the question of whether Amanda should have to pay Michael the $969 in support allocated for the child solely in Amanda's care. After further hearing on that matter, the trial court ruled in Amanda's favor and declined to award Michael any additional attorney's fees. Although the trial court did not make express findings when declining to award additional fees, Michael has not persuaded this court that there is a reasonable probability he would have been awarded additional fees had express findings been made. (See, e.g., *In re Marriage*

10

*of Morton*, *supra*, 27 Cal.App.5th at p. 1051 [failure to make required findings under section 2030 requires reversal only where there is " 'a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached' "].)

## DISPOSITION

The judgment is affirmed.  Respondents are entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)


/s/
HOCH, J.



We concur:



/s/
BLEASE, Acting P. J.



/s/
HULL, J.

11