Filed 1/30/26  Marriage of Stewart CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re the Marriage of COURTNEY and JAMES STEWART. | B339569 |
| COURTNEY JANE,<br><br>        Appellant,<br><br>    v.<br><br>JAMES STEWART,<br><br>        Respondent. | (Los Angeles County Super. Ct. No. SD018483) |

        APPEAL from an order of the Superior Court of Los Angeles County, William E. Weinberger, Judge. Reversed with directions.

        Robert K. Kent for Appellant Courtney Jane.

        Kermisch & Paletz, Daniel J. Paletz, and Eden C. Bautista for Respondent James Stewart.

Appellant Courtney Jane and respondent James C. Stewart divorced in 2003. In a prior appeal (*In re Marriage of Stewart* (Nov. 22, 2022, B311315) [nonpub. opn.]) (the 2022 appeal), Jane challenged several postjudgment orders. In the November 2022 unpublished opinion, we reversed some of those orders, including one denying Jane's November 20, 2019 Family Code section 2030[1] request for attorney fees and costs.[2] Under that section, a family court in a dissolution proceeding may order one party to pay for the other party's reasonable attorney fees and costs if "there is a disparity in access to funds to retain counsel, and . . . one party is able to pay for legal representation of both parties." (§ 2030, subd. (a)(2).) In the 2022 appeal, we instructed the family court to reconsider Jane's fee request in light of our opinion. In March 2024, the court held an evidentiary hearing on both: (1) the remanded issue regarding the 2019 fee request and (2) Jane's additional section 2030 request seeking fees for her attorney's work on the 2022 appeal.

The court found Jane had not complied with rules governing income and expense documentation. It further found Jane had not provided sufficient information for the court to assess whether her attorney's work was reasonable or what he had charged her for that

---

[1] Unless otherwise specified, subsequent statutory references are to the Family Code.

[2] We also reversed certain provisions in a child support order and an order imposing sanctions against Jane. We affirmed orders declining to impose sanctions against Stewart and granting Stewart a protective order regarding further discovery requests. We also rejected Jane's arguments that the court reversibly erred in failing to rule on certain evidentiary objections.

work. The court also noted Jane's attorney did not have extensive experience in family law. On these bases, the court denied both fee requests.

Although we agree that Jane failed to fully comply with applicable rules, Jane presented sufficient evidence to allow the court to calculate what fee award amount, if any, would be reasonable under the circumstances. Accordingly, we reverse with instructions that the court reconsider the evidence and calculate the amount of attorney fees and costs to award Jane under section 2030.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Evidence Regarding Fee Requests

#### 1. *Jane's 2019 Fee Request*

Jane supported her November 2019 fee request with her own declaration, a declaration of her attorney, Robert Kent, and a form income and expense declaration (IED). The IED form (Judicial Council Forms, form FL-150) requires that the declarant document self-employment income by attaching a profit and loss statement and document income from other sources by attaching two paystubs. In her responses on the IED form, Jane declared that she was a professor who earned income as a university employee as well as "[i]ncome from self-employment." She attached neither paystubs nor a profit and loss statement.

Kent's 2019 declaration describes his "agreement" with Jane that she will "be charged" $500 per hour for Kent's legal services and reimburse him for all related expenses.

On December 28, 2020, Jane updated her request, asking that the court award fees and costs "incurred from the beginning of representation." Jane filed supplemental Jane and Kent

3

declarations as well. Kent's declaration describes his work on the case and attaches a "summary of [his] time," bearing the title "statement . . . re[garding]: In re Marriage of Stewart [¶] request for order filed November 20, 2019." (Capitalization omitted.) The eight-page spreadsheet itemizes work by date, general description, amount of time spent, and associated fees.

The court denied Jane's fee request. In the 2022 appeal, we reversed that denial with instructions that the court "consider whether, in light of . . . the materials Jane submitted to support her request, she has established entitlement to reasonable fees and costs under section 2030, and if so, in what amount." (*In re Marriage of Stewart*, *supra*, B311315.)

### 2. *Jane's Request for Fees Incurred on Appeal*

On December 21, 2021, Jane filed a new request for attorney fees and costs—this time for Kent's work on appeal—which the court denied without prejudice in July 2022. The court noted, inter alia, that Jane's supporting IED did not comply with documentation requirements in rule 5.9 of the Local Rules of the Los Angeles County Superior Court and California Rules of Court, rule 5.427(d).[3] Jane "renew[ed]" the request in March 2023. Jane

---

[3] Neither the minute order from the July 8, 2022 hearing nor the attached summary of "findings and order after hearing" explains how Jane's submissions were noncompliant. (Capitalization omitted.) Nor does the record contain a reporter's transcript from this hearing. "The court also [found] that [Jane's] [request for order] [was] insufficient to award attorney's fees as the [*In re Marriage of*] *Keech* [(1999) 75 Cal.App.4th 860] declaration was improper and did not comply with [California Rules of Court, rule] 5.427(d)." (Capitalization omitted.)

also filed an updated form IED and supplemental Jane and Kent declarations.  The updated IED does not attach a profit and loss statement, paystubs, or any other proof of income.  The Kent declaration describes his work on the appeal and attaches a "statement" itemizing that work.

In March 2024, Jane filed a further updated IED, in which she filled out all pages of the form.  Only the first page of the version she served on Stewart is filled out, however.  Neither the filed nor served version attaches any supporting documentation.

The 2024 IED reflects Jane has paid Kent $2,500.  Her earlier IEDs do not claim that she paid any amount to Kent.  Kent's 2023 supplemental declaration explains:  "I did attempt to obtain pendente lite fees but was not successful.  I have been representing [Jane] for eighteen years.  I have known her father for probably more than fifty years.  I was not going to abandon [her] in the middle of the underlying [request for order regarding child support] and then the appeal because I had to wait for a fee award.  I am very much aware of how hard [Jane] works and the financial burden she has had to undertake for her children's college education and more recently subsidizing her daughter['s] . . . living expenses . . . .  I was not going to force [Jane] to make a choice between paying me or making sure her children were able to complete their college education and that [her daughter] could start her professional career where most appropriate."  (Capitalization omitted.)

## B.    Evidentiary Hearing on the Fee Requests

On March 25 and 27, 2024, the court held an evidentiary hearing on the 2019 and 2024 fee requests.[4]  Jane and Kent appeared remotely; Stewart and his attorney appeared in person. Jane sought "$500,000 plus" in fees and costs, based on 1,133.4 hours Kent worked between December 2018 through July 31, 2023, his $500 hourly rate, and Jane having paid him $2,500.

### 1.    *Documentation of Jane's Income*

As of the time the hearing commenced on March 25, Jane had not provided the court any documentation of her declared income— neither paystubs, nor a profit and loss statement for her business, nor tax returns.  Jane's exhibit list did not include any of these documents.  Nor had she provided Stewart readable copies of such documentation.[5]  Jane offered to display her tax return virtually, but the court's virtual appearance system would not support this.

Jane contends, and Stewart does not dispute,[6] that before the second day of the hearing commenced, Jane delivered to the

---

[4] The court also heard the arrearage calculation issue, as we instructed in the 2022 appeal.

[5] Jane did email her tax return to Stewart on March 23, 2024—the Saturday before the Monday hearing.  But Stewart's counsel stated during the hearing—and Jane did not dispute— that counsel could not open the document Jane emailed because it was password protected.

[6] Our record on appeal does not contain these documents. Jane represents on appeal—and repeatedly represented during the hearing below—that she provided them to the court after the first day of the hearing ended, but before the second day of the hearing commenced.  Stewart has never contended otherwise,

court her two most recent federal tax returns, three paystubs, and a profit and loss statement.  Stewart argued the untimeliness of the documents was a basis for denying Jane's fee request.  He was "not agreeable to a continuance" on this basis, however.

### 2.    *Testimony*

On the first day of the hearing, Jane testified that her income as a professor derived from contracts with numerous universities, and that she had created a "sole proprietorship" entity to manage these relationships.[7]  She testified to her business's gross income and expenses.  She also testified regarding her "major items of debt."  Among these was a "debt to . . . Kent," which she estimated to be "[h]undreds of thousands of dollars."

---

either during the hearing below nor on appeal.  Rather, he argues on appeal—as he did below—that Jane did not comply with requirements for when and how she must provide these documents.  The court stated Jane's "[t]ax returns [had] not been submitted to the court in connection with [the] request for attorney's fees."  We interpret this statement to mean Jane failed to bring the tax returns to the hearing on the first day.

[7] The appellate record is unclear on whether the universities pay Jane directly or pay the sole proprietorship entity, which employs and pays Jane.  Jane's 2024 IED identifies Jane's sole employer as "Courtney Jane higher education counseling" (capitalization omitted), of which Jane is the sole owner, but does not characterize any of her income as from self-employment.  The proper characterization of Jane's income, however, is not germane to our analysis on appeal.  Nor did any lack of clarity on this point impede the trial court's analysis, because Jane ultimately provided income documentation sufficient for the court to determine both the amount and source of her income.  (See Discussion part B, *post*.)

7

Because Jane did not file a witness list before the hearing commenced, the court refused to allow Kent to testify. It stated it would instead consider the Kent declarations in the record (six in total).

Through his counsel, Stewart stipulated that he had the ability to pay the fees and costs Jane was requesting. According to Stewart's most current IED, he is employed and has liquid assets of almost $10 million.

### C. The Court's Ruling

At the hearing, the court denied the 2019 and 2024 requests and stated its reasons for doing so. First, Jane had not submitted a "code-compliant [IED] . . . with all the items filled in and necessary attachments." Second, Jane had not provided evidence sufficient "to make a determination of the reasonableness of fees" because the court perceived "issues regarding foundation for the spreadsheets [attached to] the various [Kent] declarations." Third, "there [was] no retainer agreement that was submitted to the court to determine the arrangement with [Jane]." The court also noted that "the bulk of [Kent's] practice was in [the] entertainment industry of publishing, particularly in licensing," although it acknowledged Kent has some family law background and experience.

Jane timely appealed.

## DISCUSSION

### A. Section 2030 Fee Requests and Related Rules of the Court

Section 2030 requires a court to award reasonable attorney fees and costs as necessary to achieve " ' "a parity between spouses in their ability to obtain effective legal representation." ' [Citation.]" (*In re Marriage of Keech* (1999) 75 Cal.App.4th 860,

8

866; *Alan S. v. Superior Court* (2009) 172 Cal.App.4th 238, 251 [goal of section 2030 is "parity:  a fair hearing with two sides equally represented," italics omitted]; see § 2030, subdivision (a)(1).) When, as here, a party requests fees and costs, the court must make findings as to "whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties.  If the findings demonstrate disparity in access and ability to pay, the court *shall* make an order awarding attorney's fees and costs" (§ 2030, subd. (a)(2), italics added), to the extent, and in an amount, that is "just and reasonable under the relative circumstances of the respective parties."  (§ 2032, subd. (a).)  A section 2030 fee award is also limited to the amount that is "reasonably necessary" to maintain or defend the proceeding.  (§ 2030, subd. (a)(1); see *In re Marriage of Hearn* (2023) 94 Cal.App.5th 380, 393–394.)

Court rules require a party "request[ing] attorney's fees and costs . . . complete, file and serve," inter alia, a "current [IED] (form FL-150)" (Cal. Rules of Court, rule 5.427(b)(1) & (b)(1)(C)) "with the request for order."  (*Id.*, rule 5.92(b)(2)(A), capitalization omitted; see *id.*, rule 5.427(a) [noting rule applies to requests under section 2030].)  " 'Current' is defined as being completed within the past three months."  (Cal. Rules of Court, rule 5.427(d)(1).)  "The parties must completely fill in all blanks" on the IED.  (Super. Ct. L.A. County, Local Rules, rule 5.9.)  The IED must also "include the documents specified in form FL-150 that demonstrate the party's income"—as noted, paystubs and/or a profit and loss statement. (Cal. Rules of Court, rule 5.92(b)(2)(B); see Super. Ct. L.A. County, Local Rules, rule 5.9.)  "In addition to [these IED attachments], the parties must bring to the hearing copies of state and federal income tax returns (including all supporting schedules) . . . for the last two

years." (*Ibid.*; see also Judicial Council Forms, form FL-150, p. 2 [instructing declarant to "[t]ake a copy of your latest federal tax return to the court hearing"].)

We review the denial of an attorney fees request for an abuse of discretion, allowing the court "considerable latitude in fashioning or denying" such relief. (*In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1313 (*Tharp*).)

### B. Jane Substantially Complied with Applicable Rules

We agree with the court below that Jane did not comply with the rules governing IEDs. Although she timely filed a fully executed Judicial Council form FL-150 IED in March 2024, she did not timely serve or file any required attachments thereto documenting her income (paystubs and/or profit and loss statement). Whether she timely brought the required tax returns to court is a closer question. For purposes of this appeal, however, we will assume she provided these late.

Nonetheless, Jane's IED, when combined with the documents Jane ultimately provided during the hearing, was "sufficiently completed to allow determination of the issues" under section 2030.[8] (Cal. Rules of Court, rule 5.427(d)(1); see *id.*, rules 5.427(b)(2) & 5.427(d)(1).) Specifically, it was sufficient for the court to assess whether Jane had satisfied the threshold requirements for proceeding with a section 2030 fee analysis: disparity in access to funds for counsel and one party's ability to pay.

---

[8] Because we so conclude, we need not address Jane's arguments that she did comply with the rules.

10

### C. The Court Improperly Refused to Exercise Its Discretion

Stewart stipulated to one of the section 2030 threshold requirements: that he "[was] able to pay for legal representation of both parties." (§ 2030, subd. (a)(2).) And uncontradicted evidence supports the second requirement: a significant "disparity in access to funds" between Jane, a professor, and Stewart, who at the time had a net worth of more than $10 million and was the CEO of a large real estate investment trust. (§ 2030, subd. (a)(2).) The court never found otherwise. Nor does Stewart deny a disparity. Rather, he argues that Jane did not comply with the rules because her submissions were tardy. But he never requested a continuance, nor explained how this noncompliance deprived him or the court of sufficient information to evaluate Jane's fee requests. The record thus compels the conclusion that, despite only substantially complying with the rules, Jane proved the threshold elements under section 2030. This triggered the court's statutory duty to determine whether, and in what amount, an award of section 2030 fees would be "just and reasonable under the relative circumstances of the respective parties." (§ 2032, subd. (a); see § 2030, subd. (a)(2).)

When making this determination, the court must consider certain statutorily enumerated factors. (§ 2032, subd. (a); see § 2030, subd. (c); *In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 975.) These factors include: "the need for the award to enable each party, to the extent practical, to have sufficient financial resources to present the party's case adequately, taking into consideration, to the extent relevant, the circumstances of the respective parties." (§ 2032, subd. (b).) "Financial resources are only one factor for the court to

11

consider in determining how to apportion the overall cost of the litigation equitably between the parties under their relative circumstances." (*Ibid.*) In addition, the court may consider "the nature of the litigation; its difficulty; the amount in controversy; the skill required and employed in handling the litigation; the attention given; the success of the attorney's efforts; the attorney's learning and experience in the particular type of work demanded; the intricacies and importance of the litigation; the labor and the necessity for skilled legal training and ability in trying the cause; and the time consumed." (See *In re Marriage of Braud* (1996) 45 Cal.App.4th 797, 827, fn. 30 (*Braud*).)

The court here declined to consider any of the statutory factors, and all but one of the discretionary factors (expertise of the attorney). It instead concluded Jane did not provide sufficient information for the court to assess these factors and calculate a fee award. We disagree with this characterization of Jane's submissions, and the record does not support it.

The court noted Jane had provided insufficient information regarding Kent's work. But Kent's declarations and the "statements" of his legal services attached thereto provide descriptions of the work he performed. The entries in these statements are broken down into six-minute increments and provide a level of detail customary for legal invoices. In any event, California law does not require a particular level of detail in time or billing records to support an attorney fees request— indeed, it does not require billing or time records at all.[9]

---

[9] See, e.g., *Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 700 [attorney declarations providing a

12

Moreover, even if the statements and declarations had provided only general information about "the extent and nature of the services rendered, [a court] may rely on its own experience and knowledge in determining their reasonable value." (*In re Marriage of Cueva* (1978) 86 Cal.App.3d 290, 300.) The court also voiced concern that Jane had not provided a written fee agreement or other documents establishing the amount Jane owed Kent. We agree with Jane that a fee agreement need not necessarily be in writing, and that she does not necessarily need bills to prove her debt to Kent. The court may, however, consider the limited payments Jane has made to Kent in calculating the award. Finally, the court's stated concern regarding Kent's family law experience is also a factor the court may consider in calculating a reasonable award amount (see *Braud, supra,* 45 Cal.App.4th at p. 827, fn. 30 [court may consider in determining reasonable fee amount, inter alia, "the attorney's learning and experience in the particular type of work demanded"]), but it is not a basis on which to decline to calculate any amount.

The court acted outside the scope of its discretion when it declined to calculate a reasonable fee award, despite having sufficient information to do so. (See *Tharp*, *supra*, 188

"categorical breakout of time expended by each attorney and paralegal . . . [are] 'an especially helpful compromise between reporting hours in the aggregate . . . and generating a complete line-by-line billing report' "]; *Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43, 63–64 [affirming fees awarded based on a single counsel declaration describing work done by other attorneys]; *Margolin v. Regional Planning Commission* (1982) 134 Cal.App.3d 999, 1007 [attorney's declaration describing work of another attorney for which "no time records were kept" accepted as a basis for a fee award].

Cal.App.4th at p. 1314 [refusal "to review the billing records submitted . . . before summarily denying the attorney fees requested" was "a clear abuse of discretion" because the court had ample documentation it simply declined to analyze]; see also *In re Marriage of Sharples* (2014) 223 Cal.App.4th 160, 163 [reversing denial of fee request based on failure to use the required Judicial Council form FL-319 where party had provided all information the form requires via non-form declarations].)  We therefore reverse the court's denial of Jane's fee request.[10]

---

[10] Our analysis moots the remainder of Jane's arguments, and we neither summarize nor address them.

## DISPOSITION

The order denying Jane's fee requests is reversed. Following remand, the court shall consider what amount of Family Code section 2030 attorney fees and costs to award Jane.

The parties shall bear their own costs on appeal.

<u>NOT TO BE PUBLISHED</u>.


                                        ROTHSCHILD, P. J.

We concur:



BENDIX, J.



M. KIM, J.