Filed 9/13/23  Marriage of Jimenez and Fiore CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| In re the Marriage of MARCIA JIMENEZ and ARCANGELO FIORE. | |
| MARCIA JIMENEZ, Appellant, v. ARCANGELO FIORE, Respondent. | D080562 (Super. Ct. No. DS38156) |

APPEAL from an order of the Superior Court of San Diego County, Carlos Varela, Judge.  Affirmed.

Marcia Jimenez, in pro. per., for Appellant.

Clemens Warren and Daniel L. Warren for Respondent.

Ex-spouses Marcia Jimenez and Arcangelo Fiore are in the process of litigating the division of a single asset omitted in their final dissolution judgment—personal property left behind in a jointly owned condominium in Italy sold a decade ago. In August 2020, the trial court found a disparity in access to funds and ability to pay and ordered Fiore to pay Jimenez $20,000 in pendente lite attorney's fees and costs to permit Jimenez to retain counsel through trial. (Fam. Code,[1] § 2030, subd. (a).) When in 2022 Jimenez sought to augment that amount by nearly $30,000, the court questioned the basis for the augmentation and denied it, reserving jurisdiction to revisit the matter at trial.

Jimenez, who since obtained a stay pending this appeal, challenges the denial of her request for augmented needs-based fees and costs. But as we explain, the trial court could reasonably question whether additional fees were "reasonably necessary." (§ 2030, subd. (c).) By reserving jurisdiction to revisit the matter after trial, the court simply denied Jimenez's request without prejudice and did not violate statutory timing requirements. (See § 2031, subd. (a)(2).)

Jimenez's challenges to various interlocutory discovery orders may be challenged on appeal from the final judgment. (*In re Marriage of Tim & Wong* (2019) 32 Cal.App.5th 1049, 1054−1055 (*Tim & Wong*).) The same is true of the two $2,500 sanctions orders entered against Jimenez, which are not appealable. (Code Civ. Proc., § 904.1, subd. (b).) We accordingly affirm the order.

---

[1] Further undesignated statutory references are to the Family Code.

## FACTUAL AND PROCEDURAL BACKGROUND

Jimenez and Fiore married in 1997 and separated in 2008. That same year, Jimenez filed a petition for dissolution. Fiore defaulted, and judgment was entered in 2009 ending the marriage, making orders on child custody, and dividing community assets. After the judgment, a dispute arose between the parties as to an omitted asset—a condominium in Italy that was purchased by Fiore during the marriage and sold in 2011 (the Via Landini property). Trial was held in 2017 to decide the character and division of the sale proceeds. Judge Kalemkiarian concluded it was an omitted community asset and awarded Jimenez $162,300. That judgment precipitated two prior appeals.

In the first appeal, we affirmed the community property division of Via Landini but remanded for further proceedings to adjudicate the character, value, and appropriate division of personal property that was inside that property, deeming those items themselves an omitted asset (§ 2556). We directed the trial court on remand to rule on Jimenez's requests for attorney's fees under sections 3652 and 3667 and reconsider her sanctions request under section 271. (See *Jimenez v. Fiore* (*In re Fiore*) (Dec. 20, 2019, D073228) [nonpub. opn.].)

In a second appeal decided the same day, we reversed the award to Jimenez of $5,000 in pendente lite attorney's fees under section 2030 to cover her legal representation for both appeals, finding the amount unreasonably low given Fiore's ability to pay. We directed reconsideration of the fee award on remand, as well as any pending requests for sanctions against Fiore. (See *In re Marriage of Fiore & Jimenez* (Dec. 20, 2019, D074927) [nonpub. opn.].)

Following remittitur of the two appeals, Jimenez filed a request for order (RFO) seeking $20,000 in pendente lite fees and costs under section

3

2030.  She explained in her supporting declaration that Fiore's evasive discovery tactics frustrated attempts to resolve the case and increased her overall litigation expenses.  Although Jimenez was self-represented at that time, she also submitted a declaration from her attorney, Ronza Rafo, who estimated it would take 45.5 hours to prepare the omitted asset case for trial.  Rafo said her work "would involve meetings with [Jimenez], legal assistants, document preparation, document review, discovery, conducting a deposition, two or three court appearances, and communications with opposing counsel."  The fact that the assets were sold as far back as 2011 and Fiore's "history of nondisclosure and uncooperativeness" would increase discovery costs.  Rafo believed she needed $15,200 to cover anticipated attorney's fees and costs, or up to $20,000 if discovery motions were required.

The parties appeared before Judge Carlos Varela by videoconference in July 2020.  Jimenez asked the court to order Fiore to pay her $20,000 in monthly installments of $5,000 beginning in September and set a trial date for late January.  The hearing had to be postponed when Judge Varela realized that Fiore failed to serve his opposition or updated income and expense declaration on Jimenez.[2]  During the rescheduled August hearing, the judge found a financial disparity between the parties and ordered Fiore to pay $20,000 in attorney's fees and costs in four monthly payments of $5,000 beginning on September 1.

As anticipated by Jimenez, discovery disputes quickly emerged.  Jimenez filed an RFO in October 2021 seeking to compel Fiore to produce

---

[2]    A July 7 hearing had to be continued due to Fiore's failure to serve Jimenez.  The court ordered Fiore to effect service "within the next two weeks.  Fiore did not do so, prompting the court to sanction him $1,000. (Code Civ. Proc., § 177.5 [permitting sanctions up to $1,500 for violating a court order].)

documents and requesting sanctions. The court granted her RFO in November and sanctioned Fiore $2,500, payable in monthly installments of $200 to Rafo. It ordered Fiore to produce photographs of items from the Via Landini residence, ING Poland bank account statements from January 2018 to present, earnings statements and tax returns from 2018 to 2020, and pictures of a Vespa scooter bought in 2019.

Fiore noticed Jimenez's deposition in January 2022, but Jimenez failed to appear on the scheduled date. This prompted Fiore to file his own RFO to compel her attendance and produce requested documents.

Jimenez filed an RFO in February 2022 to augment the prior pendente lite fee and cost award. She requested an additional $16,997, referencing "unanticipated litigation" and highlighting the order to participate in a mandatory settlement conference (MSC) before trial. Two months later, Jimenez amended her RFO, now seeking $29,728 to cover "unanticipated litigation." Jimenez claimed added expenses were necessitated by Fiore's tactics, including his failure to produce documents compelled by the court in November 2021. In addition, Jimenez claimed to have underestimated trial related expenses, including the need for an additional trial readiness conference, an MSC, and discovery motions.

Opposing her RFO, Fiore submitted an income and expense declaration showing average monthly earnings of $3,663 in 2022. He claimed to have $36,041 in credit card debt and $16,905 owed to his current attorneys. Jimenez's income and expense declaration meanwhile suggested hourly earnings of $16.25.

The parties argued their RFOs before Judge Varela on May 13, 2022. At the start, the court denied Jimenez's request to sanction Fiore for not producing earnings statements and tax returns compelled by prior court

5

order.  Fiore had testified that he had produced what he could, and the court indicated it had no basis to find otherwise.

Next, the court addressed Fiore's RFO to compel Jimenez's deposition and for sanctions.  Fiore noticed Jimenez's deposition before the January 31 discovery cutoff, but Jimenez failed to appear on the noticed date.  Jimenez claimed that her nonappearance was excused because service was defective.  After extensive argument from both parties, the court rejected Jimenez's contention that the notice of deposition had to be electronically served.  In granting Fiore's motion to compel the deposition, the court at the same time denied his request to require further document production.  It reasoned that Fiore forfeited this right by failing to move to compel earlier, when Jimenez did not produce documents responsive to an identically worded request.

Finally, the court turned to Jimenez's request to augment the prior pendente lite fees and costs order under section 2030.  Judge Varela questioned Rafo as to what litigation expenses were unanticipated at the time the court ordered $20,000 in fees.  Rafo claimed that Jimenez had not anticipated a motion to compel, a two-day trial, costs associated with a statement of decision, deposition or court reporter costs, or the setting of an MSC.  Unconvinced, Judge Varela pressed how an MSC was unforeseen: "We have to have an MSC before we get to trial."  Rafo agreed but explained that this was news to Jimenez, who was self-represented when she filed her original fee request.

Fiore urged the court to deny Jimenez's motion outright, or reserve on the issue until trial.  He explained that section 2030 required financial disparity, an ability of one party to pay fees for both, and a showing that the amount sought is reasonable.  (See § 2030, subd. (a)(2).)  At $16.25 per hour, Fiore maintained that Jimenez could earn $3,013 if she worked full time.

6

This was comparable to Fiore's monthly income, which had significantly declined during the pandemic. Fiore's counsel informed the court that Fiore owed him over $20,000, making it impossible for Fiore to pay the costs of representation for both parties. Finally, counsel suggested the reasonableness of additional fees could only be ascertained at trial and urged the court to reserve on the issue. The main issue at trial would be the value and character of personal belongings left in a condominium in Italy that was sold over a decade ago. The parties disputed the value of those assets, raising a triable issue. But whether additional discovery demands and trial tactics by Jimenez were warranted to support a request for additional fees could only be assessed in light of the result at trial. Separately, Fiore maintained that an MSC should have been anticipated and that trial was continued previously "because [Jimenez] wasn't ready."

Asked to respond, Jimenez's counsel stated that the reasonableness of pendente lite fees is measured by the attorney's services, not the ultimate value of the property at stake. And even otherwise, Jimenez claimed that the home contained $100,000 in personal property, including luxury watches, fur coats, custom furniture, and art. The parties' financial status was essentially the same as it was at the time of the previous fee and costs order. Although Fiore claimed he lacked the ability to pay, his bank statements suggested otherwise.

The court commented that the dispute about Fiore's finances would be sorted out at trial. Whereas Jimenez believed Fiore's expenditures indicated he had a lot of funds to pay for her representation, Fiore maintained those funds were for a different purpose. The court believed that a trial or evidentiary hearing would be needed to flesh that out, and attorney's fees would play a major role in the trial. It asked counsel: "[D]etermining what

7

those checks are for and who they went to, wouldn't the trial be the more appropriate place to address those things?"

Rafo responded that to defer the issue would be unfair to Jimenez and prevent her from having legal representation. The court disagreed. It explained that it had already ordered $20,000 in needs-based attorney's fees and costs based on Fiore's stated income, which was about the same now as before. The court had "a hard time making a finding that a lot of this wasn't anticipated, based on the level of the litigation that these -- the parties have been engaged in." Agreeing with Fiore's suggestion "that the best place to address this particular issue is at trial," the court reserved jurisdiction to revisit the attorney's fee and costs issue.

Given the length of the hearing, the court had to continue the sanctions requests. On August 5, 2022, Judge Varela entered two sanctions orders against Jimenez totaling $5,000, concluding she "did not act with substantial justification that makes the imposition of sanctions unjust." The court sanctioned her $2,500 for failing to appear at deposition (Code Civ. Proc., § 2025.450, subd. (g)(1)) and $2,500 for unsuccessfully moving to compel (*id.,* § 2031.320, subd. (b).)

A final Findings and Order after Hearing (FOAH) was filed in September 2022 reflecting the court's rulings on all issues.[3] The court later granted Jimenez's RFO to stay trial pending resolution of this appeal.

---

[3] Jimenez filed a premature notice of appeal on June 8, 2022 from the May 13 minute order. But because that order directed preparation of a FOAH, we construe the appeal as taken from that later order. (Cal. Rules of Court, rule 8.104(d); see *Schneer v. Llaurado* (2015) 242 Cal.App.4th 1276, 1283.)

DISCUSSION

Of the many claims Jimenez raises on appeal, only one is properly before us. For reasons we explain, the court did not err in denying her request for nearly $30,000 in additional pendente lite fees and costs, without prejudice to revisiting the request at trial.

A.  *The trial court did not abuse its discretion in refusing to augment its prior needs-based fee and cost award.*

Jimenez argues the trial court erred by failing to make required findings as to disparity and access to funds. She further claims it erred in reserving jurisdiction over the issue through trial. We reject both contentions.

1.  *Legal Principles*

Section 2030, subdivision (a) permits the trial court to order one side in a dissolution proceeding to pay the other party's attorney's fees and costs. When a party requests pendente lite attorney's fees and costs, the trial court must make express findings as to the propriety of an award given the financial disparity between the parties and the ability of one party to pay for legal representation for both. (§ 2030, subd. (a)(2); *In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1050 (*Morton*) [findings "must be explicit"].) The purpose of a pendente lite fee and cost award is not redistribution but instead "*parity*: a fair hearing with two sides equally represented.'" (*In re Marriage of Sharples* (2014) 223 Cal.App.4th 160, 164 (*Sharples*).)

After an initial fee and cost award is entered, a court "shall augment" it "as may be reasonably necessary for the prosecution or defense of the proceeding." (§ 2030, subd. (c).) Any award of attorney's fees and costs must be "just and reasonable under the relative circumstances of the parties." (§ 2032, subd. (a).) In determining what is just and reasonable, "the court

9

shall take into consideration the need for the award to enable each party, to the extent practical, to have sufficient financial resources to present the party's case adequately . . . ." (§ 2032, subd. (b).) The court may additionally "consider the parties' trial tactics" (*Sharples, supra,* 223 Cal.App.4th at p. 165), including any "unreasonable overlitigation" by the requesting party. (*Alan S. v. Superior Court* (2009) 172 Cal.App.4th 238, 255; see *In re Marriage of Pearson* (2018) 21 Cal.App.5th at pp. 234–235 (*Pearson*) [no error in denying additional needs-based fees where the trial court reasonably believed the requesting party engaged in unnecessary and overly litigious conduct].)

We review an order denying pendente lite fees and costs for abuse of discretion. While the trial court has latitude in ruling on a motion, it must consider the appropriate factors under sections 2030 and 2032. (*Sharples, supra,* 223 Cal.App.4th at p. 165.)

2.   *Analysis*

Jimenez argues that the court failed to make required findings under section 2030, subdivision (a)(2). Had these findings been made, she believes augmentation would have been statutorily compelled. We disagree. It is true, as Jimenez suggests, that statutory amendments have constrained a trial court's discretion to deny needs-based attorney's fees and costs. (See *Morton, supra,* 27 Cal.App.5th at p. 1049.) Whereas fees were once permissive, they are now mandatory where there is "a disparity in access and ability to pay." (§ 2030, subd. (a)(2); see *Morton, supra,* at p. 1050.) But this case concerns a denial of *augmented* fees after an original award based on the parties' financial disparities.

Evaluating the parties' respective financial positions and Fiore's ability to pay, the trial court originally awarded Jimenez $20,000 to bring

10

the disputed issues to trial. Having concluded that the parties' incomes remained about the same at the time of her request for an additional $29,728, the question before the court was not whether a disparity in income necessitated a fee and cost award, but rather whether *additional* fees and costs beyond that award were "reasonably necessary for the prosecution or defense of the proceeding." (§ 2030, subd. (c).)

To answer this question, Judge Varela engaged in significant dialogue with Jimenez's counsel to understand what was unanticipated at the original fee request. Rafo first responded that Jimenez was self-represented when she requested $20,000 in fees and failed to take into account costs for court reporters, depositions, a statement of decision, expert witness fees, interpreters. According to Rafo, Jimenez had not expected that Fiore would delay making payments or participate in discovery.[4] She described the 2021 motion to compel as "unanticipated" and suggested discovery motions drove up expenses. Whereas Jimenez believed trial would last one day, it was now scheduled to take two. In addition, Rafo asserted Jimenez could not have foreseen an MSC or additional trial readiness conference.

Unconvinced, the trial court asked how it could find that an MSC unforeseen when it was a prerequisite for trial. Rafo replied that she knew that, but Jimenez was self-represented at the time and did not. In denying the augmentation request, Judge Varela ultimately explained he had "a hard time making a finding that a lot of this wasn't anticipated, based on the level of the litigation that these . . . parties have been engaged in."

---

[4] According to Rafo, Fiore failed to make the court-ordered payments of $5,000 per month for two months, after which he settled with Jimenez to spread the $20,000 over ten months.

11

This finding was amply supported by the record. The original fee award estimated fees to bring the matter to trial, inclusive of discovery motions. Although Jimenez was representing herself at that time, she evidently consulted with attorney Rafo in preparing her motion. Indeed, Rafo submitted a supporting declaration anticipating $13,650 in attorney's fees and $1,550 in costs, but noted this figure could reach $20,000 "if discovery motions are required." Based on their extensive prior dealings, Rafo highlighted Fiore's "history of uncooperativeness with disclosure in this matter." Jimenez likewise submitted a declaration stating that Fiore tended to give "evasive and unverified discovery responses or no responses at all" and "ambushes hearings with last minute questionable arguments and evidence." She maintained that these evasive tactics had increased "overall fees and costs" and sought $20,000 to adjudicate contested issues through trial. As Jimenez explained at the time, this matched the amount she received in 2016 to hire counsel for the original omitted asset trial on Via Landini before Judge Kalemkiarian.

Based on this record, the trial court could reasonably find that the original fee request anticipated the very discovery motions proffered as a basis for augmentation, as well as the MSC or any expenses needed to bring the omitted asset case to trial. It could question the reasonableness of a nearly $30,000 augmentation request—bringing total pendente lite fees and costs to nearly $50,000—where only $20,000 was needed for the prior omitted asset trial. While there might be good reason for a different fee estimate for the two trials (e.g., differences in valuation of personal versus real property), nothing Rafo said compelled a finding that augmentation was reasonably necessary or that denial of augmentation would not be "just and reasonable under the relative circumstances of the parties." (§§ 2030, subd. (c), 2032,

12

subd. (a).) Based on what was presented at the hearing, the trial court could reasonably reject her claim that fees and costs were "originally underestimated." Discovery abuses have their own sanctions provisions, with Jimenez receiving $2,500 for successfully compelling responses to her document requests.

Jimenez faults the court for asking whether the additional expenditures were *anticipated*, and not whether they were reasonably necessary. We believe she reads the court's ruling too narrowly. Judge Varela determined that the original $20,000 fee award anticipated expenses required to litigate the omitted asset and other matters through trial, such that *additional fees* were not reasonably necessary. This comports with statutory requirements. (§ 2030, subd. (c).)[5]

Nor did the trial court deny Jimenez's RFO outright. Recognizing that the availability of funds to pay attorney's fees would be a major subject at trial, the court denied the request without prejudice to revisiting the issue after trial on the merits. (See, e.g., *In re Marriage of Green* (1992) 6 Cal.App.4th 584, 592–593 [interim denials had not been made "with prejudice" and did not "otherwise preclude renewal of the fee requests at a later date"]; *In re Marriage of Cryer* (2011) 198 Cal.App.4th 1039, 1056 [" 'No single fees and costs order is an "all or nothing" proposition. Need-based awards may be *augmented* or *modified* as necessary during the entire pendency of the case' "].) In exercising discretion to award needs-based fees, a judge must evaluate " 'whether counsel's skill and effort were wisely

_____

[5] We readily distinguish *In re Marriage of Hatch* (1985) 169 Cal.App.3d 1213, where the trial court denied an *original* request for needs-based fees by summarily stating it never awarded pendente lite fees. (*Id.* at p. 1219; see also *In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1314–1315 [summary denial of initial needs-based request was erroneous].)

13

devoted to the expeditious disposition of the case.' " (*In re Marriage of Behrens* (1982) 137 Cal.App.3d 562, 576.) Reasonable fees might not be limited to attorney hours at trial or courtroom tactics. At the same time, services that merely "prolong and to complicate domestic litigation cannot be deemed 'reasonably necessary' [citation] 'to properly litigate the controversy' . . . . " (*Ibid.*; see *In re Marriage of Cueva* (1978) 86 Cal.App.3d 290, 302 [an attorney's time need not "bear a direct relationship to the number of hours spent working on the case," as "[t]ime spent may have been unnecessary and unproductive or entirely disproportionate to the result to be achieved"].) After hearing the evidence presented by both sides at trial, the court will be in a better position to evaluate whether additional litigation expenses beyond those anticipated by Jimenez in August 2020 were reasonably necessary to support an augmented fee and cost order.[6]

Fiore likens this case to *Pearson*, where we affirmed the denial of an RFO seeking to augment needs-based attorney's fees and costs. (*Pearson, supra,* 21 Cal.App.5th at p. 235.) Jimenez responds that the trial court never made a finding of overlitigation here in denying her augmentation request. We agree with Jimenez that no such finding was made. But in reserving

---

[6] Properly viewing the court's ruling as a denial of her augmentation request without prejudice, there was no violation of the 15-day statutory deadline to rule on the motion. (§ 2031, subd. (a)(2).) Judge Varela repeatedly pressed Rafo to identify what aspects of litigation were unanticipated at the time of the original fee order. Unsatisfied with her response, the court could not find that augmentation was reasonably necessary on the record presented but permitted her to renew her request on a fuller record at trial. The fact that this was an augmented fee request, rather than an original request, distinguishes this case from *In re Marriage of Knox* (2022) 83 Cal.App.5th 15, 37−38. Judge Varela did not postpone an original fee award until after trial, like in *Knox*, but rather reserved jurisdiction to revisit whether *additional* fees and costs proven to be reasonably necessary.

14

jurisdiction to consider whether an augmented award was warranted at trial, the court preserved its ability to evaluate whether those additional expenses were reasonably necessary, or instead the result of "unnecessary and overly litigious conduct." (*Id.* at p. 235.)

B.      *Jimenez's challenges to interlocutory discovery orders and separate $2,500 sanctions orders are not appealable.*

Apart from challenging the fee and cost ruling, Jimenez raises three other claims on appeal. First, she contends the trial court misunderstood the procedural history and misapplied the law in sanctioning her $2,500 in unsuccessfully compelling further production of tax records and earnings statements. Next, she challenges the granting of Fiore's motion to compel her deposition. Given the complexity of the service issue, she believes it was unfair to sanction her $2,500 for failing to appear for deposition—particularly where Fiore was not sanctioned for an obviously meritless discovery motion at the same hearing. This, in turn, is her final claim of error—that the trial court failed to rule on her request to sanction Fiore for his meritless discovery motion.

Ultimately, we reach none of these contentions. The two sanctions orders of $2,500 fall below the jurisdictional threshold for appealability. (Code Civ. Proc., § 904.1, subd. (b); see *Rail-Transport Emples Ass'n. v. Union Pac. Motor Freight* (1996) 46 Cal.App.4th 469, 474.) Multiple sanctions cannot be aggregated to meet the appealability threshold. (*Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, 45.) As Jimenez acknowledges, the order compelling her deposition is interlocutory and may be challenged only on appeal from the final judgment. (*Tim & Wong, supra,* 32 Cal.App.5th at pp. 1054−1055.)

15

Jimenez asks this court to "treat any otherwise unappealable orders on appeal as petitions for extraordinary writ on the merits." But courts must exercise that power only under unusual circumstances. (*Olson v. Cory* (1983) 35 Cal.3d 390, 401.) This was proper in *Olson,* where all other issues had been resolved and "the record sufficiently demonstrate[d] the lack of adequate remedy at law necessary for issuance of the writ." (*Ibid.*; see *Fox Johns Lazar Pekin & Wexler, APC v. Superior Court* (2013) 219 Cal.App.4th 1210, 1217 [treating appeal in third party discovery dispute presenting issue of first impression as writ of mandate to promote judicial economy].) Here, Jimenez fails to show that she lacks a remedy at law, or "that the circumstances here are either unusual or extraordinary" to warrant writ relief. (*Katzenstein v. Chabad of Poway* (2015) 237 Cal.App.4th 759, 770 & fn. 16.)

At various points in her briefs, Jimenez suggests unfairness in the sanctions ordered. Whereas she was sanctioned $2,500 for an unsuccessful motion to compel, Fiore received no sanction for a similar motion. We observe that Fiore received a relatively light sanction of $1,000 (less than the $1,500 statutory maximum in Code of Civil Procedure section 177.5) at a prior hearing for flouting a court order to serve Jimenez. With its birds-eye view of the litigation and contextual understanding of the parties' dealings, the trial court is best positioned to evaluate the propriety and amount of sanctions warranted in this case. But at the close of trial, in revisiting Jimenez's request for augmented attorney's fees and costs under section 2030, the court may wish to evaluate the cumulative effect of past sanctions awards in deciding what would be "just and reasonable under the relative circumstances of the respective parties." (§ 2032, subd. (a).)

## DISPOSITION

The order is affirmed.  Fiore is entitled to his costs on appeal.

DATO, A.P.J.

WE CONCUR:

O'ROURKE, J.

KELETY, J.