Filed 7/30/25  Weaklend v. Weaklend CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| HEATHER CAROL WEAKLEND, | D086167, D086168 |
| Respondent, | |
| v. | (Super. Ct. No. FLRI1900094) |
| DEVON DANIEL WEAKLEND, | |
| Appellant. | |

CONSOLIDATED APPEALS from orders of the Superior Court of Riverside County, Jay Kiel and Natalie Lough, Judges.  Affirmed in part and reversed in part.

Claery & Hammond and Kai W. Lucid for Appellant.

James Alex Karagianides for Respondent.

In this pending marital dissolution action, Devon Daniel Weaklend (Husband) appeals from two family court orders denying his request for attorney fees from Heather Carol Weaklend (Wife) under Family Code section 2030.[1]  He first appeals an order issued on April 5, 2024 (the April

---

[1]   Undesignated statutory references are to the Family Code.

order, D086167, the first appeal), claiming the family court committed reversible error because (1) it failed to make required findings under section 2030, and (2) substantial evidence does not support its finding that no disparity existed regarding the parties' ability to pay attorney fees. He appeals another order issued on September 19, 2024 (the September order, D086168, the second appeal), claiming the court erred by: (1) failing to make findings required under section 2030; (2) finding his attorney's billing was unreasonable; and (3) impliedly finding no disparity between the parties' ability to pay attorney fees.[2] With respect to the September order, Wife contends the family court lacked jurisdiction to rule on the matter due to the pending appeal of the April order.

We affirm the April order because Husband failed to meet his burden of demonstrating reversible error. We reverse the September order because the family court lacked subject matter jurisdiction to issue this order.

## GENERAL FACTUAL BACKGROUND

The couple married in November 2008 and have two children. Wife filed a petition for dissolution in 2019, but a judgment of dissolution has not yet been entered. The couple share joint legal and physical custody of the children. The family court ordered Wife to pay monthly child support of $165 but did not order either party pay spousal support.

## DISCUSSION

## I. *LEGAL PRINCIPLES*

Section 2030 authorizes the family court to order one spouse in a marital dissolution proceeding to pay all or some of the attorney fees and costs of the other spouse. (§ 2030, subd. (a)(1).) The statute is intended to

---

[2] After both appeals were fully briefed, they were consolidated for oral argument and decision, and subsequently transferred to this division.

2

give each spouse a fair chance to secure effective legal representation. (*In re Marriage of Keech* (1999) 75 Cal.App.4th 860, 866.) The family court must make explicit findings, either orally on the record or written, on three specific questions: (1) whether an award of attorney fees and costs is appropriate; (2) whether there is a disparity in access to funds to retain counsel; and (3) whether one party is able to pay for legal representation of both parties. (§ 2030, subd. (a)(2); *In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1050.) "If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs." (§ 2030, subd. (a)(2).) The failure to make explicit findings on these questions is reversible error if there is prejudice—that is, if "there is 'a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached.' " (*Morton,* at p. 1051.)

In making an attorney fee award under section 2030, the court is guided by section 2032, which provides it may award attorney fees when doing so is just and reasonable considering the parties' relative circumstances. (§ 2032, subd. (a).) In making this determination, the court considers whether the award is necessary to allow each party, as much as practicable, to present their case effectively. (*Id*., at subd. (b).) The parties' financial resources are one of several factors the court weighs when equitably allocating the overall litigation costs (*ibid.*), it may also consider the other party's trial tactics (*In re Marriage of Tharp* (2010) 188 Cal.App.4th 1295, 1314). We review an award of attorney fees under the Family Code using the abuse of discretion standard. (*In re Marriage of Turkanis & Price* (2013) 213 Cal.App.4th 332, 345.) " '[T]he family court has considerable latitude in fashioning or denying an attorney fees award' " (*In re Marriage of Sharples* (2014) 223 Cal.App.4th 160, 165), and we affirm "unless no judge reasonably

3

could make the order." (*In re Marriage of Rosen* (2002) 105 Cal.App.4th 808, 829.)

If a court reporter is not present during court proceedings, and there is no record of what occurred, it is often impossible for an appellate court to review alleged trial court errors. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608.) This is because appellate courts presume that the court's judgment is correct, and it is the appellant's responsibility to provide a sufficient record showing an error that warrants reversal. (*Id.* at pp. 608–609.) "To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) An appellant who fails to include a transcript of the court proceedings is barred from claiming that the judgment was not supported by sufficient evidence. (*Ibid.*)

## II. *APPEAL OF THE APRIL ORDER*

### A. Background

On November 20, 2023,[3] Husband filed a request for order (RFO) seeking $170,000 in attorney fees.[4] Wife's November 2023 income and expense declaration revealed average monthly income of about $7,859 and estimated monthly expenses of about $6,291. Wife's adjusted gross income, as stated in her 2022 tax returns, was over $586,000, while Husband worked part-time and made $25 an hour. He requested that Wife pay his attorney

---

[3] Undesignated date references are to 2023.

[4] Husband filed a similar RFO on November 13, 2023. That RFO is not in the record and is not addressed in Husband's opening brief. The family court issued two minute orders on April 5, 2024, addressing each RFO. Husband's failure to address the April order regarding the November 13 RFO in his opening brief forfeits any challenge regarding the November 13 RFO. (*Dameron Hospital Assn. v. AAA Northern California, Nevada & Utah Ins. Exchange* (2022) 77 Cal.App.5th 971, 982 (*Dameron*).)

4

fees.  Husband's counsel filed a declaration stating Husband owed a balance of $95,093.82, and he anticipated Husband would incur at least an additional $75,000 in attorney and paralegal fees.[5]

In February 2024, Wife filed a joint response to the November 13 and November 20 RFOs.  She claimed that for almost the entire the duration of the marriage from 2009 through 2019, Husband earned between $60,000 and $120,000 a year and she previously presented the court with information that Husband willfully terminated his employment where his salary would have been $80,000 a year.  She also claimed her tax returns did not indicate her true income, Husband knew this, and was deliberately mischaracterizing the funds and misleading the court.  Wife also noted that at the November 20 hearing the court ruling the disputed financial issues would be decided at trial.

The family court issued the April order which incorporated a minute order for the November 20 RFO.  This minute order noted the hearing was not reported.  After hearing the issues, the court denied Husband's request for attorney fees, stating it read and considered the November 20 RFO and testimony.  It also ordered Husband's counsel to prepare the order after hearing.

B. Analysis

Husband first contends the April order must be reversed because the family court failed to make the specific findings required by section 2030

---

[5]    Husband also argued in his November 20 RFO that Wife:  (1) breached her fiduciary duties by failing to disclose her true income; (2) should be ordered to provide Husband with her undisclosed assets; and (3) should be sanctioned.  Husband did not argue these issues in his opening brief and forfeited them.  (*Dameron, supra*, 77 Cal.App.5th at p. 982.)

5

when it denied his attorney fees request. The court's minute order on the November 20 RFO stated:

> "Parties sworn en masse.
> "At 09:12 AM the following proceedings were heard:
> "Issues discussed with the Court.
> "Court makes the following order(s):
> "Court has read and considered RFO filed on 11/20/23 and testimony.
> "Court denies respondents request for attorney fees-FC2030.
> "Court finds breach of fiduciary duties is a trial issue.
> "Respondent's counsel to prepare Order After Hearing.
> "Minute entry completed."

Husband is correct that the family court failed to make the required findings in writing. However, in the absence of a reporter's transcript, there is no way to determine whether it made those required findings orally. This omission alone undermines Husband's claim. Compounding the problem, the court directed Husband's counsel to prepare the order after hearing—an opportunity to address any missing findings. Yet no proposed order from Husband appears in the record. Instead, Wife submitted a proposed order, stating the court found no income disparity. Without a reporter's transcript, there is no way to determine whether the court addressed the other two mandatory findings: whether an attorney fee award to Husband was appropriate and whether Wife had the ability to pay for both parties. (§ 2030, subd. (a)(2).)

We recognize that not all litigants can afford a court reporter. But the Rules of Court explicitly provide an alternative: a settled statement. (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 933; Cal. Rules of Court, rule 8.137.) Husband did not pursue this option. That failure leaves this court with no adequate record for meaningful review.

6

In his reply brief, Husband attempts to sidestep this problem by claiming the documents attached to his RFO establish an income disparity and prove Wife misrepresented her finances. He concedes Wife explained below that the money reported on her tax returns was not her personal income but was instead used by her employer to pay her taxes, with the remainder invested in a corporate equity account. Wife asserted that Husband was fully aware of this arrangement, having filed joint tax returns during the marriage, and accused him of deliberately misrepresenting the facts. Yet, without a transcript or settled statement, we cannot evaluate the court's credibility determinations or its rationale for denying the RFO.

Husband's insistence that his documentary evidence alone supports an attorney fee award disregards the trial court's express finding that it relied on sworn testimony in reaching its decision. Given the extensive documentation Husband submitted, the only conclusion is that the court found Wife's explanation credible. This Court does not reweigh evidence or second-guess credibility findings. (*Curcio v. Pels* (2020) 47 Cal.App.5th 1, 12.)

Finally, Husband contends the court abused its discretion in finding no income disparity, arguing the evidence required a different result. In effect, he asserts that substantial evidence compelled the court to grant his request under section 2030. But in reviewing such a claim, an adequate appellate record must include all evidence presented on the issue. Husband's "[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [him]." (*Barak v. The Quisenberry Law Firm* (2006) 135 Cal.App.4th 654, 660.)

In sum, Husband's failure to provide a complete and adequate record—either through a reporter's transcript or a settled statement—precludes

7

meaningful appellate review of his claims. Without a reliable account of the proceedings, we must presume the family court acted within its discretion, properly considered the evidence before it, and made the required findings. Accordingly, Husband has not met his burden to demonstrate reversible error, and the April order must be affirmed.

### III. *APPEAL OF THE SEPTEMBER ORDER*

#### A. Background

In July 2024, Husband filed a RFO seeking a change in child support and attorney fees, again claiming Wife was manipulating her income. He requested $160,000 in attorney fees under section 2030. In her response, Wife noted that Husband appealed the April order and asserted the family court was divested of jurisdiction over the attorney fees issues until that appeal was finalized. Her responsive declaration denied Husband's claims that she has not been forthcoming about her income, her taxes are the same as when she was married and stated her tax consultant would testify at trial. The court heard the matter on September 19, 2024. As relevant here, the court found no change in circumstance and denied Husband's request for attorney fees without prejudice. It also found the hourly rate charged by Husband's counsel to be reasonable but the office billing not reasonable.

#### B. Analysis

Wife argued to the family court that it lacked jurisdiction to grant Husband's July 2024 RFO because of Husband's pending appeal of the April order. She renews this argument on appeal and asserts the court's statement that it found no change in circumstances suggests the court viewed the July 2024 RFO as the functional equivalent of a motion for reconsideration. Husband contends Code of Civil Procedure section 916 is inapplicable

because his July 2024 RFO is distinct from the April order and does not substantially affect the April order.

Generally, "the filing of a notice of appeal deprives the trial court of jurisdiction of the cause and vests jurisdiction with the appellate court until the reviewing court issues a remittitur." (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1499, citing Code Civ. Proc., § 916, subd. (a).)  While the appeal is pending, the trial court lacks authority to enforce, vacate, or modify the judgment or order under review.  (*Elsea v. Saberi* (1992) 4 Cal.App.4th 625, 629.)  The automatic stay applies not only to the order itself, but also to "the matters embraced therein or affected thereby." (Code Civ. Proc., § 916, subd. (a).)  To determine whether a subsequent proceeding is embraced in or affected by the pending appeal, courts assess the relationship between the issues raised in the appeal and the subsequent proceeding and whether the latter would interfere with or contradict a potential outcome on appeal. (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189–190.)

This is precisely the case here.  In his November 20 RFO, which is the subject of his first appeal, Husband requested $170,000 in attorney fees—$95,093.82 for unpaid fees and $75,000 in anticipated fees.  That request was supported by billing records covering services from September 2023 to November 8, 2023.  In his July 2024 RFO—the subject of this second appeal—Husband sought $160,000 in fees, again supported by billing records from the same September-to-November timeframe, with the addition of statements through November 28.  The overlap in billing records and the similarity of the relief sought demonstrate that the July 2024 RFO is not independent of the earlier request but rather intertwined with the same underlying claims.  If Husband were to prevail in his first appeal, it could render the second request moot or alter the legal and factual landscape on

9

which the July RFO is based.  Allowing the family court to rule on the July 2024 RFO while the first appeal was pending also risked inconsistent outcomes.

Because the July 2024 RFO was affected by the April order that was already on appeal, Code of Civil Procedure section 916 stayed the family court's jurisdiction over the July RFO.  The family court therefore lacked subject matter jurisdiction to issue the September order, rendering it void. (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1239.)  Our jurisdiction extends only to reversing void trial court actions. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701.) Accordingly, the September order must be reversed.

DISPOSITION

The April order is affirmed.  The September order is reversed because the family court lacked subject matter jurisdiction to issue it.  Respondent is entitled to her costs on appeal.


O'ROURKE, Acting P. J.

WE CONCUR:


IRION, J.


CASTILLO, J.